UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ANTONIO WATKINS,

Plaintiff,

v.

LEE FELSTEAD, and
UNITED STATES FEDERAL
BUREAU OF PRISONS,

Defendants.

CIVIL NO. 01-733 (MJD/JMM)

REPORT AND RECOMMENDATION

Plaintiff has filed a Complaint alleging that Defendants violated his federal constitutional rights during his confinement at the Federal Prison Camp in Duluth, Minnesota, ("FPC-Duluth"). The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to one of the Defendants -- United States Federal Bureau of Prisons, ("BOP"). It will therefore be recommended that the action be dismissed as to that particular Defendant.

---

[1] Plaintiff did not tender the required filing fee with his Complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated April 30, 2001, (Docket No. 3), the Court advised Plaintiff that this action could not go forward unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED JUN 05 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

## I. BACKGROUND

Plaintiff alleges in his Complaint that he has been assaulted on several occasions at FPC-Duluth. The assaults allegedly were committed by Defendant Lee Felstead, who apparently works as a correctional officer at FPC-Duluth. According to the Complaint, Felstead pushed Plaintiff on several occasions, causing "sever [sic] bodily injury" and "sever [sic] mental and physical harm" to Plaintiff. (Complaint, [Docket No. 1], "Statement of Facts," ¶s 3 and 4.)

The Complaint makes no reference to the BOP itself, except for an allegation that "[a]t all times herein Defendant Felstead was employed by and acting under the color of authority of the Defendant, United States Federal Bureau of Prisons." (Id. ¶ 5.)

Plaintiff is seeking $100,000 in compensatory damages, as well as "administrative sanction against Defendant Felstead including termination of employment." (Complaint, Section V.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a governmental employee and a governmental agency, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face,

fails to state a cognizable claim or seeks relief from a Defendant who is immune from being sued, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to the BOP, because Plaintiff's Complaint fails to state any actionable claim against the BOP, and because Plaintiff's claims against the BOP are barred by the doctrine of sovereign immunity.

As previously noted, the Complaint does not include any allegations suggesting any wrongdoing by the BOP itself. The Complaint alleges only that the BOP is Defendant Felstead's employer, and that Felstead acted "under the color of authority" of the BOP. Thus, it clearly appears that Plaintiff is seeking to hold the BOP liable based solely on the alleged misconduct of one of its employees – namely Defendant Felstead.

It is well-settled, however, that a defendant cannot be held vicariously liable in a federal civil rights action, simply because one of the defendant's subordinates or employees allegedly violated the plaintiff's constitutional rights. The doctrine of respondeat superior, which Plaintiff apparently is attempting to invoke here, simply does not apply in federal civil rights cases. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, the BOP cannot be held vicariously liable for the unconstitutional acts or omissions of Defendant Felstead. Because the Complaint shows no other basis for Plaintiff's claims against the BOP, aside from respondeat superior, Plaintiff has failed to state any actionable claim against the BOP.

Furthermore, Plaintiff's claims against the BOP are barred by the doctrine of sovereign immunity, which holds that the United States and its agencies and instrumentalities are immune from suit, unless a waiver of such immunity has been

"expressed unequivocally" by Congress. Manypenny v. U.S., 948 F.2d 1057, 1063 (8th Cir. 1991). See also In re: Russell, 155 F.3d 1012 (8th Cir. 1998) (per curiam). Congress has never waived the federal government's immunity from constitutional claims brought in a civil rights action such as this one. Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983). See also Schutterle v. U.S., 74 F.3d at 848 (the United States and its agencies are not proper defendants in a civil rights action because of sovereign immunity). Therefore, Plaintiff's claims against the BOP must be dismissed based on the sovereign immunity doctrine.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that (i) Plaintiff's Complaint fails to state a claim on which relief can be granted as to Defendant BOP, and (ii) Defendant BOP is immune from being sued. It is therefore recommended that the action be dismissed as to that particular Defendant pursuant to 28 U.S.C. § 1915A(b)(1) and (2). The Court will defer any ruling on the adequacy of Plaintiff's allegations against sole remaining Defendant, Lee Felstead, and, at least for now, Plaintiff will be allowed to pursue his claims against that one remaining Defendant.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendant United States Federal Bureau of Prisons be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against Defendant Lee Felstead be allowed to proceed at this time, without prejudice to any defenses that Defendant Felstead may later seek to raise.

Dated: June 7, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before June 14, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.