UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTONIO WATKINS, CIVIL NO. 01-733 (MJD/JMM)

Plaintiff,

v. ORDER

LEE FELSTEAD,

Defendant.

Plaintiff filed a Complaint [Docket No. 1] on April 27, 2001 seeking relief for alleged violations of his federal constitutional rights, which purportedly occurred while he was incarcerated at the Federal Prison Camp in Duluth, Minnesota. Plaintiff has paid the initial partial filing fee required by 28 U.S.C. §1915(b)(1). The matter is now before the Court for consideration of Plaintiff's Application to Proceed In Forma Pauperis ("IFP"). [Docket No. 2].

The Court finds that Plaintiff is financially eligible for IFP status, and his IFP application will therefore be GRANTED. This means that Plaintiff is excused from pre-paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, $102.26), in installments pursuant to 28 U.S.C. §1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998)("[t]he purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the authorities at the institution where

FILED AUG - 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have Defendant Felstead served by the U.S. Marshal. See 28 U.S.C. §1915(d); Fed. R. Civ. P. 4(c)(2). However, it appears that Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit a properly-completed Form USM-285, and an extra copy of his Complaint for service on Defendant. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.)(it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If Plaintiff does not satisfy this requirement within the next thirty (30) days, he will be deemed to have abandoned his action, and the Court will recommend that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. (Form USM-285 will be provided by the Clerk's office upon request. Copies of the Complaint can also be obtained from the Clerk, upon payment of the prescribed copying fee.)

If service of process is effected upon Defendant Felstead, he will be required to file an Answer or other responsive pleading to the Complaint. A copy of this Order shall be served with the summons and Complaint, so that Defendant will be apprised of his obligation to file a responsive pleading.

Based on the above, the Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] is granted.

2. Plaintiff shall pay the unpaid balance of the filing fee for this action – namely $102.26 – in the manner prescribed by 28 U.S.C. §1915(b)(2); the Clerk of Court shall provide notice of this requirement to authorities at the institution where Plaintiff is confined.

3. No later than August 31, 2001, Plaintiff shall file one completed Form USM-285 and one extra copy of the Complaint to be used for service of process, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b).

4. If Plaintiff complies with the requirements of this Order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on Defendant Lee Felstead. A copy of this Order shall be served together with the summons and Complaint.

5. If service of process is effected on Defendant, he will be required to file a response to the Complaint.

Dated: August 1, 2001

JOHN M. MASON
United States Magistrate Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500