UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTONIO WATKINS, CIVIL NO. 01-733 (MJD/JMM)

Plaintiff,

v. ORDER

LEE FELSTEAD,

Defendant.

The above matter is before the Court on Plaintiff's Letter to the Court of August 31, 2001, which the Court is construing as a Motion for Appointment of Counsel [Docket No. 10]. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel [Docket No. 10] is denied.

Dated: October 4, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754,

FILED OCT 04 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). We do not find that these factors weigh in favor of appointing counsel to represent Plaintiff.

J.M.M.